NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNATHAN SAMUEL WILLIAMS, | ) | No. C 10-02146 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| WARDEN, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SQSP prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams02146_dwlta.wpd            1

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged violation was committed by a person acting under the
9  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10  **B.**     **Plaintiff's Claims**

11        Plaintiff 's first claim is that he was "denied prompt and adequate dental treatment
12  and forced to choose between the extraction of teeth or remaining in pain, in violation of
13  the Eighth Amendment." (Compl. Attach. at 11.)  Secondly, Plaintiff claims that SQSP
14  officials have impeded the exercise of his First Amendment right of access to courts and
15  his right to due process, as well as violating the "Gilmore-Lynch Consent Decree."  (Id. at
16  17.)  Plaintiff's third claim is that prison officials are violating his rights by "their
17  unconstitutional use of police power to conduct cell searches and property seizures for
18  harassment and retaliation, without justifiable penological purpose." (Id. at 22.)
19  Plaintiff's first claim alleging Eighth Amendment violation is cognizable under § 1983.
20  Claims two and three are dismissed for the reasons discussed below.

21        Plaintiff states that he is bringing this action on behalf of himself and "all other
22  similarly situation prisoners of the California Department of Corrections and
23  Rehabilitations; CSP San Quentin." (Compl. at 2.)  To the extent that Plaintiff is seeking
24  class certification, the request is DENIED.  Pro se prisoner plaintiffs are not adequate
25  class representatives able to fairly represent and adequately protect the interests of the
26  class, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v.
27  United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona
28  has no authority to represent anyone other than himself"), so class certification may be

1  denied on that basis, <u>see</u> <u>Griffin v. Smith</u>, 493 F. Supp. 129, 131 (W.D.N.Y. 1980)
2  (denying class certification on basis that pro se prisoner cannot adequately represent
3  class).
4         With respect to his second claim, Plaintiff fails to allege sufficient facts to state a
5  First Amendment claim because he fails to allege actual injury.  To establish a claim for
6  any violation of the right of access to the courts, the prisoner must prove that there was an
7  inadequacy in the prison's legal access program that caused him an actual injury.  <u>See</u>
8  <u>Lewis</u>, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the
9  inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim
10 concerning his conviction or conditions of confinement.  <u>See</u> <u>id.</u> at 354-55. This claim is
11 DISMISSED with leave to amend to attempt to allege: 1) the inadequacy in the prison's
12 legal access program that caused 2) actual injury to Plaintiff by identifying the non-
13 frivolous claim which he was hindered from pursuing.
14        Plaintiff's third claim alleges that an institutional search that took place at
15 California State Prison - Solano in April 2008 was unconstitutional.  (Compl. at 22.)  This
16 claim concerns the conditions of his confinement at a prison which lies within Solano
17 County.  Because the acts complained of occurred in Solano County, which lies within
18 the venue of the Eastern District of California, venue for this claim properly lies in that
19 district and not in this one.  <u>See</u> 28 U.S.C. § 1391(b).  Accordingly, this claim is
20 DISMISSED without prejudice to filing in the United States District Court for the Eastern
21 District of California.  <u>See</u> 28 U.S. C. § 1406(a).
22
23                             **CONCLUSION**
24     For the reasons stated above, the Court orders as follows:
25     1.     Plaintiff has stated a cognizable Eighth Amendment claim against
26 Defendants Dr. Kurk, Dr. McIntyre, and Dr. Wood.  The Clerk shall terminate all other
27 defendants from the docket.
28     2.     The complaint is DISMISSED with leave to amend **within thirty (30) days**

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams02146_dwlta.wpd       3

1  from the date this order is filed for Plaintiff to correct the deficiencies discussed above
2  with respect to his second claim.  The amended complaint must include the caption and
3  civil case number used in this order (10-02146 JF (PR)) and the words FIRST
4  AMENDED COMPLAINT on the first page.  Because an amended complaint completely
5  replaces the previous complaints, Plaintiff must include in his amended complaint all the
6  claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v.
7  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material
8  from the prior complaint by reference.

9       In the alternative, Plaintiff may file notice within thirty (30) days that he chooses
10 to proceed solely on claim one and sever claim two from the complaint.  Plaintiff is
11 advised that he should file notice of Defendants' first names or initial in order to avoid
12 delays in service.  **Failure to file such notice or to file an amended complaint in the**
13 **time provided will result in the dismissal without prejudice of Plaintiff's access to**
14 **courts claim.  The matter will then proceed solely on Plaintiff's Eighth Amendment**
15 **medical claims.**

16      3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
17 keep the Court informed of any change of address by filing a separate paper with the clerk
18 headed "Notice of Change of Address."  He must comply with the Court's orders in a
19 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
20 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

21      The clerk shall enclose two copies of the court's form complaint with a copy of
22 this order to Plaintiff.

23      IT IS SO ORDERED.

24

25 DATED: 9/15/10

26                                 JEREMY FOGEL
                                United States District Judge

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams02146_dwlta.wpd     4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SAMUEL WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>WARDEN, et al.,<br><br>        Defendants.                  / | Case Number: CV10-02146 JF<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/20/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Johnathan Samuel Williams K-46368
CA State Prison at San Quentin
3-N-36L
San Quentin, CA 94964

Dated: 9/20/10

                                        Richard W. Wieking, Clerk