IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SAMUEL WILLIAMS, | No. 2:11-cv-2526-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| KURK, et al., | |
| Defendant. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On January 8, 2013, the court informed plaintiff that service directed to defendants Kurk, McIntyre and Woods, the three defendants the court authorized service on, was returned unexecuted as the California State Prison, Solano informed the United States Marshal that there was no record any of these individuals worked at that location. Plaintiff was directed to seek additional information sufficient to effect service on these individuals and to notify the court once he obtained such information.

      Plaintiff has requested and received several extensions of time in which to provide the court the information necessary to serve these individuals. On March 5, 2014, well over a year since the court's first order requiring service information, the court granted one last

extension of time.  Plaintiff was informed that the Federal Rules of Civil Procedure require the defendants to be served within 120 days of the filing of the complaint.  See Fed. R. Civ. P. 4(m).  Plaintiff was cautioned that failure to provide the court with service information for the defendants within 30 days would result in the dismissal of this action, without prejudice, for plaintiff's lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.  To date, plaintiff has not complied.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to provide service information for the defendants as directed, the undersigned finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders, and all pending motions be denied as moot.

/ / /

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  Responses to objections shall be filed within 14 days after service of
5  objections.  Failure to file objections within the specified time may waive the right to appeal.
6  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED: April 16, 2014

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE