UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHNATHAN SAMUEL WILLIAMS,

            Plaintiff,

     v.

KURK, et al.,

          Defendants.

CIV. NO. 2:11-cv-2526-WBS-CMK-P

ORDER RE: FINDINGS AND RECOMMENDATIONS

----oo0oo----

       Plaintiff Johnathan Samuel Williams, a state prisoner proceeding without counsel, brought a § 1983 action against three defendants--Drs. Kurk, McIntyre, and Wood--for violations of his Eighth Amendment rights.  (See Pl.'s Am. Compl. at 43-50 (Docket No. 9).)  On January 8, 2013, the Magistrate Judge informed plaintiff that service directed to these defendants was returned unexecuted after the California State Prison, Solano, told the

1

1    United States Marshal there was no record of defendants having

2    worked there.  (Docket No. 24.)  Plaintiff was directed to seek

3    additional information sufficient to effect service.  (Id.)

4         During the next year, plaintiff made several requests

5    for extensions of time, (Docket Nos. 26, 27-29), stating that

6    prison policy limits his access to the prison's law library and

7    that his requests for information from the California Department

8    of Corrections and Rehabilitation ("C.D.C.R.") had gone

9    unanswered.  (Pl.'s Second Mot. For Extension Of Time (Docket No.

10   28).)  After receiving two extensions, plaintiff failed to

11   provide any further information concerning the defendants.

12   (Docket No. 31.)  The Magistrate Judge submitted Findings and

13   Recommendations ("F&Rs") recommending that the case be dismissed

14   for failure to prosecute and failure to comply with the court's

15   order to serve defendants.  (Id.)  Plaintiff timely filed

16   objections to the F&Rs.  (Docket No. 32.)

17        For the reasons below, the court rejects the Magistrate

18   Judge's recommendation and remands with orders to appoint counsel

19   for the plaintiff and allow counsel time to locate information

20   concerning the defendants.

21   I.   Involuntary Dismissal for Failure to Serve Process

22        Courts may involuntarily dismiss a case for failure to

23   prosecute or failure to comply with court rules and orders.  See

24   Local Rule 110; Fed. R. Civ. P. 41(b).  "Dismissal is a harsh

25   penalty and is to be imposed only in extreme circumstances,"

26   Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), but

27   dismissal without prejudice is a more easily justified sanction

28

                                    2

1   for failure to prosecute than dismissal with prejudice, see Ash

2   v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).[1]

3          When determining whether dismissal is appropriate,

4   courts must weigh five factors: (1) the public interest in

5   expeditious resolution of litigation, (2) the court's need to

6   manage its docket, (3) the risk of prejudice to the defendant,

7   (4) the public policy favoring disposition of cases on their

8   merits, and (5) the availability of less drastic alternatives.

9   See Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir.

10  2000).  The Ninth Circuit prefers but does not require explicit

11  discussion of these factors.  See Malone v. U.S. Postal Serv.,

12  833 F.2d 128, 132 (9th Cir. 1987); Henderson, 779 F.2d at 1424.

13         The Ninth Circuit has upheld dismissal for failure to

14  serve process.  In Anderson v. Air West, Inc., 542 F.2d 522

15  (1976), for example, the Ninth Circuit upheld a district court's

16  decision to dismiss for lack of prosecution after "a clear

17  showing of willful delay in the service of process on

18  . . . defendants."  Id. at 525.  The plaintiff failed to provide

19  a reasonable explanation for a one-year delay in service of

20

21         [1]    The Ash court noted, however, that dismissal without
    prejudice still presents dangers, "as for example when statute of
22  limitations or service of process problems are present."  Ash,
    739 F.2d at 496.  At least some circuits have held that the
23  filing of a complaint that is later dismissed without prejudice
    for failure to perfect service does not toll the applicable
24  statute of limitations in all contexts.  See e.g., Wilson v.
    Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987) ("We are
25  persuaded that the filing of a complaint which is later dismissed
    without prejudice does not toll the statutory filing period of
26  Title VII.").  The Ninth Circuit has followed this approach in
    the context of claims under Title VII of the Civil Rights Act of
27  1964.  See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.
28  1985).

1  process, and the court interpreted the record to reflect

2  "deliberate delay[]" as plaintiff's counsel tried "to decide

3  whether he really wanted to serve these individuals."  Id.

4         Dismissal for failure to serve defendants has also been

5  used in the context of prisoner litigation.  In Taraldsen v.

6  Camberos, Civ. No. 80-1855, 2009 WL 825807 (D. Ariz. Mar. 30,

7  2009), a district court in Arizona dismissed a pro se prisoner's

8  § 1983 complaint without prejudice after the plaintiff failed to

9  complete and return a service pack for the defendant.  Id. at *1.

10 However, the court's ultimate decision to dismiss the case

11 considered several factors beyond delinquent service of process,

12 including the plaintiff's failure to notify the court of a change

13 of address.  Id. at *1-2.

14 II.  Application of the Five Factors

15        This is a close case.  The court finds that three of

16 the five factors weigh against involuntary dismissal, while two

17 factors support it.  Ultimately, however, plaintiff's good faith

18 attempts to obtain information concerning the defendants and

19 comply with the court's orders distinguishes his situation from a

20 typical case warranting dismissal.  Accordingly, the court finds

21 involuntary dismissal inappropriate at this time.

22    A. The Public Interest in Expeditious Resolution of

23       Litigation and the Court's Need to Manage Its Docket

24        The Ninth Circuit's discussion of the first two factors

25 in Malone is helpful in fleshing out the essential analysis.

26 Under these factors, the Malone court considered whether the

27 defendant delayed or impeded resolution of the case or prevented

28 the district court from adhering to its trial schedule.  See

4

1  <u>Malone</u>, 833 F.2d at 131.

2           The length of plaintiff's delay in serving process

3  arguably supports dismissal under this analysis.  The Magistrate

4  Judge responded to the initial failure to serve defendants by

5  ordering plaintiff on January 8, 2013, to seek additional

6  information.  Since then, plaintiff has requested and received

7  two extensions granting him more time, (Docket Nos. 26, 27), in

8  addition to an unrequested extension provided by the Magistrate

9  Judge after ruling on one of plaintiff's motions.  (Docket No.

10  25.)  Fed. R. Civ. P. 4(m) requires defendants to be served with

11  120 days of filing a complaint.

12           Since service of process was authorized, plaintiff has

13  had more than a year to provide an address or any information

14  sufficient to serve the defendants--a delay that exceeds what

15  other courts have found to be "unreasonable delay."  <u>See</u>

16  <u>Henderson</u>, 779 F.2d at 1423 (finding sufficient delay over a

17  period of nine months).  This delay has unquestionably impeded

18  resolution of the case, as the court cannot move forward before

19  notifying the defendants of the lawsuit against them.

20  Plaintiff's requests for more time have also required the

21  expenditure of judicial resources and prevented the Magistrate

22  Judge from determining whether this case has merit.

23           B. <u>Prejudice to the Defendants</u>

24           Delay in serving a complaint also frustrates a

25  defendant's ability to prepare.  <u>See</u> <u>Anderson</u>, 542 F.2d at 525

26  ("Delay in serving a complaint is a particularly serious failure

27  to prosecute because it affects all the defendant's

28  preparations.").  Courts have found that "failure to prosecute

5

1  diligently is sufficient by itself to justify a dismissal, even

2  in the absence of a showing of actual prejudice to the defendant

3  from the failure." Id. at 524 (collecting cases). In general,

4  however, the district court's job is to chart the line between

5  acceptable and "unreasonable" delay. See Ash v. Cvetkov, 739

6  F.2d 493, 496 (9th Cir. 1984) ("Limited delays and the prejudice

7  to a defendant from the pendency of a lawsuit are realities of

8  the system that have to be accepted, provided the prejudice is

9  not compounded by 'unreasonable' delays."). To do this, courts

10 examine whether the defendant has suffered any actual prejudice

11 from the delay. See Nealey v. Transportacion Maritima Mexicana,

12 S. A., 662 F.2d 1275, 1280 (9th Cir. 1980) ("The pertinent

13 question for the district court . . . is not simply whether there

14 has been any [delay], but rather whether there has been

15 sufficient delay or prejudice to justify a dismissal of the

16 plaintiff's case."); Citizens Utilities Company v. American

17 Telephone & Telegraph Company, 595 F.2d 1171, 1174 (9th Cir.

18 1979) ("Whether actual prejudice exists may be an important

19 factor in deciding whether a given delay is 'unreasonable.'").

20 In Malone, for example, the court analyzed the third factor by

21 examining whether the plaintiff's actions had impaired the

22 defendant's ability to go to trial or the court's ability to

23 arrive at a just decision. Malone, 833 F.2d at 131. In

24 particular, the court discussed plaintiff counsel's "bad faith

25 decision" to wait until the last minute before notifying the

26 government that it would not comply with a pretrial order. Id.

27      Here, plaintiff has not yet served any of the

28 defendants, making it difficult to know whether they have

1  suffered actual prejudice as a result.  However, Malone suggests

2  that the court can also consider whether the plaintiff has acted

3  in good faith by diligently attempting to serve process.  Id.

4       The record suggests that plaintiff has acted in good

5  faith by repeatedly trying to secure the defendants' addresses or

6  location information.  Plaintiff claims to have requested such

7  information from the C.D.C.R. without receiving a response.

8  (Pl.'s Second Mot. For Extension Of Time; Pl.'s Opp'n at 9).  He

9  supports this claim with a copy of a letter addressed to the

10  "Director of Corrections and Rehabilitation for the State of

11  California." (Pl.'s Opp'n at 12, Ex. A.)  Within the letter,

12  plaintiff asks for information on the defendants and states that

13  this is the second letter of its kind because his first went

14  without a response. (Id.)  Plaintiff contends in his opposition

15  that his status as a current prisoner may prevent him from

16  obtaining information on C.D.C.R. employees, (Id. at 2.), but his

17  letter requests that information be provided directly to the U.S.

18  Marshal or this court. (Id. at 12.)  These actions do not evince

19  a bad faith motive to waste time or resources like that found in

20  Malone.  Accordingly, the third factor weighs against dismissal.

21       C. Public Policy Favoring Disposition on the Merits

22

23       The Malone court noted without discussion that the

24  fourth factor cuts against dismissal.  Malone, 833 F.3d at 133

25  n.2.[2]  Similarly here, the public policy favoring disposition of

26       [2]    Several courts have simply noted that public policy

27  favors disposition of cases on the merits without significant
   discussion.  See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 643

28  (9th Cir. 2002).

1  cases on their merits weighs against dismissal, which will only

2  result in the defendant refilling his case and pushing potential

3  resolution back further.

4       D. <u>Consideration of Alternatives</u>

5          The Magistrate Judge did warn plaintiff that failure to

6  serve process could result in dismissal.  <u>See</u> <u>Malone</u>, 833 F.3d at

7  132 (suggesting that providing a plaintiff with warnings that

8  failure to serve process will result in dismissal suffices under

9  the consideration-of-alternatives factor).  However, the court

10 finds a more thorough consideration of less-drastic alternatives

11 to be appropriate in this case.  The Ninth Circuit has recognized

12 the "unique handicaps of incarceration" facing pro se prisoner

13 plaintiffs, including "prisoners' limited access to legal

14 materials, constraints on their abilities to obtain evidence, and

15 difficulties monitoring the progress of their cases."  <u>Woods v.</u>

16 <u>Carey</u>, 684 F.3d 934, 938 (9th Cir. 2012) (quoting <u>Rand v.</u>

17 <u>Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (internal quotations

18 omitted)).  It has suggested that district courts should provide

19 extra guidance and clear explanations of any deficiencies "in

20 language comprehensible to a lay person."  <u>Ferdik</u>, 963 F.2d at

21 1260-61 (9th Cir. 1992) (upholding dismissal after observing that

22 the district court gave the plaintiff adequate guidance and

23 clearly explained deficiencies in the plaintiff's pleadings).  In

24 the absence of such guidance, procedural defaults cannot be

25 entirely surprising, and a lesser sanction is more appropriate.[3]

26         [3]  As the <u>Malone</u> court noted, "[p]roviding plaintiff with

27 a second or third chance following a procedural default is a
   'lenient sanction,' which, when met with further default, may

28 justify imposition of the ultimate sanction of dismissal with

1          The Magistrate Judge's order directed plaintiff to

2     obtain information relating to service of process "through any

3     means available to him, including the California Public Records

4     Act, Cal. Gov't. Code § 6250, et seq., or other means."  (Docket

5     No. 24.)  While this order points to what may be a helpful

6     statute, it fails to provide guidance on how or to whom such a

7     request should be made--the kind of practical information most

8     useful to a pro se plaintiff with limited access to legal

9     materials.  (See Docket No. 27, 28 (stating that the plaintiff

10    can only access the law library once per week).)  The order also

11    suggests that plaintiff may seek judicial intervention if access

12    to the information is denied or unreasonably delayed.  (Docket

13    No. 24.)  Again, this guidance is helpful.[4]  But it fails to

14    provide any concrete direction on how or through whom to request

15    judicial support.  Considering the difficulties that face a

16    prisoner without counsel, the Magistrate Judge's orders may not

17    provide even a diligent plaintiff with the support needed to

18    avoid procedural default.[5]

19          In sum, three of the five factors weigh against

20

21    prejudice."  Malone, 833 F.2d at 132 (quoting Callip v. Harris
      County Child Welfare Department, 757 F.2d 1513, 1521 (5th
22    Cir.1985)).
           [4]   Plaintiff's Motion for Injunctive Relief, filed just
23    before the Magistrate Judge submitted his F&Rs, was perhaps such
      an attempt to secure judicial assistance.  (See Docket No. 30.)
24         [5]   To be clear, it is not the job of a magistrate judge to
      prosecute the plaintiff's case for him.  See Ferdik v. Bonzelet,
25    963 F.2d 1258, 1262 n.4 (9th Cir. 1992).  ("It is not the district
      court's role to amend plaintiff's complaint for him after his
26    failure to comply with its court order to do just that.").  The
      court merely believes that dismissal is too harsh a sanction
27    given the obstacles plaintiff faces in requesting judicial
      assistance.
28

9

1  involuntary dismissal here.  More importantly, dismissal of

2  plaintiff's case without prejudice will not cure the difficulties

3  discussed above.  Accordingly, the court finds dismissal

4  inappropriate at this stage of the proceeding.

5  III. Appointment of Counsel

6       The Magistrate Judge denied plaintiff's earlier request

7  for appointment of counsel.  (Docket No. 26 at 3.)  In light of

8  the difficulties that have arisen since then, however, the court

9  now finds that appointment of counsel will best serve to move

10  this matter forward.  The court may request the assistance of

11  counsel, pursuant to 28 U.S.C. § 1915(e)(1), upon a finding of

12  "exceptional circumstances."  See Terrell v. Brewer, 935 F.2d

13  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

14  1335-36 (9th Cir. 1990).  A finding of exceptional circumstances

15  requires evaluating two factors: (1) plaintiff's "likelihood of

16  success on the merits" and (2) "the ability of the plaintiff to

17  articulate his claims on his own in light of the complexity of

18  the legal issues involved."  See Terrell, 935 F.2d at 1017.

19  Neither factor is dispositive and both must be viewed together

20  before reaching a decision. See id.

21       Evaluation of the likelihood of success is difficult at

22  such an early stage in this proceeding. Plaintiff claims that,

23  over the last ten years, he has repeatedly requested dental care

24  to alleviate pain and prevent the loss of teeth.  (Pl.'s Am.

25  Compl. at 43, 48.)  He alleges that doctors at California State

26  Prison, Solano, refused to provide treatment, with the exception

27  of tooth extraction.  (Id. at 44.)  Plaintiff states he has few

28  remaining teeth with several defective crowns and fillings, (id.

1   at 46-47), and that denial of treatment has caused him to endure

2   "painful tooth aches" that force him to chew only on one side of

3   his mouth, (id. at 44).  Similarly situated plaintiffs have won

4   verdicts premised upon comparable denial of dental care.  See,

5   e.g., Woods, 684 F.3d at 936-38 (detailing a former prisoner's

6   success in a civil rights case for failure to provide adequate

7   dental care while incarcerated at California State Prison,

8   Solano).

9         More apropos to the circumstances of the case here,

10   what plaintiff seeks immediately is to locate the whereabouts and

11   serve the defendants he has sued.  Given the assistance of

12   counsel, he should be able to succeed in doing that.  Thus, under

13   the second factor, both the plaintiff and this court would

14   benefit from the appointment of counsel to help prosecute

15   plaintiff's case.  The plaintiff has been unable to locate the

16   named defendants without assistance, and more delay may further

17   exacerbate his injuries.  (See Pl.'s Mot. for Inj. Relief at 2

18   (stating that plaintiff arrived in prison with thirty teeth, but

19   "now has only eight upper teeth, and has been disfigured by the

20   loss of his other teeth which also created a speech

21   impediment").)  Counsel can help by making requests for

22   information on his behalf and more efficiently securing

23   responses.

24         Moreover, the Magistrate Judge has noted that plaintiff

25   has a tendency to respond to court requests with "diatribe[s] of

26   how he has been mistreated," rather than addressing procedural

27   deficiencies.  (Docket No. 26 at 2.)  Plaintiff also evinces a

28   misunderstanding of the complexities of his case by frequently

1   misstating the type of case he is proceeding in by referring to

2   himself as a petitioner and discussing a writ of habeas corpus.

3   (Id.)  Given the severity of his alleged injuries and this case's

4   potential impact on other prisoners within the California prison

5   system, adequate presentation of this case is exceptionally

6   important.  See Wood, 900 F.2d at 1336 n.1 (Reinhardt, J.,

7   dissenting) (suggesting that counsel should have been appointed

8   sooner in a case involving allegations of deficient medical

9   treatment within the Nevada penal system).

10          IT IS THEREFORE ORDERED that (1) the Magistrate Judge's

11  Findings and Recommendations of April 16, 2014, be, and the same

12  hereby are, rejected; (2) this matter be, and the same hereby is,

13  REMANDED to the Magistrate Judge with instructions to appoint

14  counsel to represent plaintiff pursuant to 28 U.S.C. § 1915, and

15  to permit counsel sufficient time to seek information on the

16  location the three named defendants and to effect service upon

17  them.

18  Dated:  September 19, 2014

19

20  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28