IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SAMUEL WILLIAMS, | No. 2:11-cv-2526-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| KURK, et al., | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for immediate injunctive relief (Doc. 30).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

        Here, plaintiff is requesting the court require the California Department of Corrections and Rehabilitations to provide plaintiff proper dental care, as he is in jeopardy of losing some of his few remaining teeth.  This case proceeds on plaintiff's first amended complaint, which was transferred to this court from the Northern District of California.  The sole surviving claim is an Eighth Amendment claim against three dentists, Kurk, McIntyre, and Wood, who treated plaintiff while he was incarcerated at California State Prison, Solano (CSP Solano).  Plaintiff is no longer house at CSP Solano, nor was he when he initiated this action.  At the time he filed his complaint in the Northern District, he was at San Quentin State Prison; he is currently housed at Wasco State Prison.

        Nothing in plaintiff's complaint or motion indicate that any of the defendants are providing care to inmates at Wasco State Prison, where plaintiff is currently house.  In essence then, plaintiff is requesting injunctive relief against individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

        In addition, where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Plaintiff is no longer housed at CSP Solano, where he claims he received inadequate dental treatment.  Plaintiff is now at Wasco State Prison, and he has the ability to request dental treatment from the dentists at that facility.

Based on the foregoing, the undersigned recommends that plaintiff's motion for immediate injunctive relief (Doc. 30) be denied;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE