**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOHNATHAN SAMUEL WILLIAMS,

Plaintiff,

vs.

KURK, et al.,

Defendant.

_______________________________/

No. 2:11-cv-2526-WBS-CMK-P

ORDER

Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 31, 2014, the court appointed plaintiff limited purpose counsel in order to assist plaintiff in service the defendants. Counsel has completed that task to the best of his ability.

Defendants Kurk and McIntyre have been served and have appeared in this case by way of filing a motion to dismiss. Defendant Woods has not been located. Counsel has informed the court that despite his efforts and the cooperation of CDCR, Dr. Woods has not been located. Counsel informed plaintiff of the status of the service, requested any additional information he may have on the location or identification of Dr. Woods, and asked plaintiff to inform him if plaintiff was interested in having counsel continue to represent him. Plaintiff did

not respond to counsel's request.

As counsel has completed the tasks for which he was appointed, and has been asked to be released from further duty or representation of plaintiff, the undersigned finds it appropriate to relieve counsel. Plaintiff will continue on in this matter in propria persona.

Plaintiff having been represented by counsel, at least for the limited purpose of completing service of process, does not appear to have been served with defendant Kurk's motion to dismiss, or defendant McIntyre's joinder in that motion. The court will direct service of those motions on plaintiff, and will provide plaintiff an opportunity to respond thereto. In addition, the court notes that the defendants had submitted a motion for additional time to respond to the court (Doc. 42). As the motion to dismiss has now been filed, the court will grant that motion and deem the motion to dismiss timely filed.

Finally, plaintiff is informed that service on defendant Woods was returned unexecuted as unable to locate. This is the second time service was attempted on defendant Woods. Given the attempts made in locating this defendant, with the assistance of counsel, it appears unlikely service is possible on this defendant. The Federal Rules of Civil Procedure require the defendants to be served within 120 days of the filing of the complaint. See Fed. R. Civ. P. 4(m). The complaint in this case was originally filed in 2010, and transferred to this court in 2011. Service was originally authorized in April 2012, three years ago. Plaintiff has had sufficient time in which to effect service. Therefore, plaintiff shall show cause in writing within 30 days why the court should not dismiss defendant Woods from this action. Failure to respond to this order may result in the dismissal of defendant Woods and/or other sanctions the court deems appropriate for the reasons set forth above as well as failure to comply with court orders and rules. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Appointed counsel, William Schmidt, is relieved of representation;

2. Plaintiff will continue in this matter in propria persona;

3. The Clerk of the Court is directed to update the docket with plaintiff's current address, and send plaintiff a copy of the pending motion to dismiss (Doc. 46) and joinder (Doc. 51);

4. Defendants' motion for an extension of time (Doc. 42) is granted, and the motion to dismiss is deemed timely filed;

5. Plaintiff's opposition to the motion to dismiss, if any, shall be filed within 30 days of the date of this order; and

6. Plaintiff shall show cause in writing within 30 days why the court should not dismiss defendant Woods from this action.

DATED: April 27, 2015

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE