IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN SAMUEL WILLIAMS,      No. 2:11-cv-2526-WBS-CMK-P

    Plaintiff,

  vs.     FINDINGS AND RECOMMENDATION

KURK, et al.,

    Defendant.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 46), including a request for judicial notice, and joinder (Doc. 51). Plaintiff failed to file an opposition to the motion.

**I.    BACKGROUND**

    This action proceeds on plaintiff's first amended complaint (Doc. 9) against three defendants: Kurk, McIntyre, and Wood. Originally filed in the Northern District, upon screening the District Judge determined plaintiff's first amended complaint stated a claim against these three individual dentists on the ninth claim only, regarding the allegations of lack of proper dental treatment. As the dental treatment and defendants at issue in that one claim were within

1

the jurisdiction of the Eastern District, the case was transferred to this court. After difficulty with service, plaintiff was appointed counsel to assist him with service and two of the three defendants were properly served. Those two defendants have filed the pending motion to dismiss and joinder.

## II.    MOTION TO DISMISS

Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that res judicata bars this action and that plaintiff's IFP status should be revoked as he has garnered more than three strikes.

### A.  Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

### B. Motion

First, defendants argue plaintiff is barred by res judicata from bringing this action as he has previously filed a complaint raising this same claim, which was dismissed with prejudice for failure state a claim for which relief can be granted. The defense request the court take judicial notice of the complaint filed in Willaims v. CDCR, 2:06-cv-2903-MCE-EFB, as well as the orders dismissing that case. As these documents are part of the court's own records, and therefor subject to judicial notice, that request should be granted.

Second, defendants argue plaintiff's IFP status should be revoked since he has filed more than three cases which have been dismissed for failure to state a claim. As he has more than three strikes, he should be barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

### C. Discussion

Two related doctrines of preclusion are grouped under the term "res judicata." Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). One of these doctrines, claim preclusion, forecloses "successive litigation of the very same claim." Id. There are three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005). Claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005). "Issue preclusion . . . bars successive litigation of an issue of

fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor, 128 S. Ct. at 2171 (internal citation, quotation omitted). "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir.2002) (quoting Federated Dep't Stores v. Moiti, 452 U.S. 394, 399 n. 3 (1981)).

> Determining the identity of claims, the court considers:
>
> (1) [w]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Headwaters, 399 F.3d at 1052 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citations omitted).

In plaintiff's prior case, Williams v. CDCR, 2:06-cv-2903, plaintiff initiated the action with a motion for emergency injunctive relief on December 26, 2006. That motion was denied on January 18, 2007, the complaint dismissed, and plaintiff was granted leave to file an amended complaint. His first amended compliant was similarly dismissed for failure to state a claim, and he was again granted leave to file a second amended complaint. Plaintiff's second amended complaint was also dismissed, this time with prejudice, for failure to cure the defects in his complaint as directed by the prior court orders and basically resubmitting the same pleadings as the amended complaint that had previously been dismissed.

In that prior case, as relevant to the pending motion, plaintiff names the three defendants named in the current case, as well as several others, and claims the denial of adequate dental care. Specifically, in his second amended complaint in case 06-cv-2903, plaintiff states as to his ninth claim:

///

1        Plaintiff was denied prompt and adequate dental treatment and
      forced to choose between the extraction of teeth or remaining in
2        pain, in violation of the Eighth Amendment.

3  (Sec. Amend. Compl., <u>Williams v. CDCR</u>, 2:06-cv-2903, Doc. 3 at 44).  In this claim, plaintiff

4  states:

5        Plaintiff has sought dental treatment on several occasions only to
      be summarily rebuffed by defendant(s) Dr. Mcintyre, and Dr.
6        Kurk's established procedures at CSP Solano.  The plaintiff, who
      has had to agree to the removal of several healthy teeth during the
7        course of his incarceration, was unaware that the state has and had
      an obligation to provide both continuous and adequate dental care.
8        DEFENDANTS enforce policy based upon reasons that are
      financial, regularly tell prisoners in their care, including the
9        plaintiff that the only treatment they will provide is extraction.
      Plaintiff contends this practice is an egregious and invidious
10       violation of his right to adequate care, and an act in substantial
      violation of the Eighth Amendment.

11 (<u>Id.</u> at 46).

12       Plaintiff further states:

13       One of plaintiffs many "602" Administrative Appeals (hear-after
      602(s)), which was logged # CSP-S-01-02680, reflects that by the
14       defendant/respondents Dr. Mcintyre and DR. Kurk's own
      admission plaintiff was seen on 11/05/01, and "one tooth was
15       filled."  What the response does not state is that the "filling", was a
      "temporary" rather than a permanent one, and that visually the
16       treating dentist (Dr. Kurk) could see that the tooth next to the one
      "temporarily" treated was also in need of some type of immediate
17       care given that it also had a large cavity that was trapping food in a
      "whole" in said tooth.

18 (<u>Id.</u> at 47).

19       In this current action, the ninth claim in plaintiff's first amended complaint, which

20 is the only claim found viable by the Northern District and transferred to this court, is similarly

21 titled:

22       Plaintiff was denied prompt and adequate dental treatment and
      forced to choose between the extraction of teeth or remaining in
23       pain, in violation of the Eighth Amendment.

24 (Amend. Compl., <u>Williams v. CDCR</u>, 2:11-cv-2526, Doc. 9 at 43).  Plaintiff then explains in the

25 claim:

26 ///

> Plaintiff has sought dental treatment on several occasions only to be summarily rebuffed by defendant(s) Dr. Mcintyre, and Dr. Kurk's established procedures at CSP Solano. The PETITIONER, who has had to agree to the removal of several healthy teeth during the course of his incarceration, was unaware that the state has and had an obligation to provide both continuous and adequate dental care. DEFENDANTS enforce policy based upon reasons that are financial, regularly tell prisoners in their care, including the plaintiff that the only treatment they will provide is extraction. Plaintiff contends this practice is an egregious and invidious violation of his right to adequate care, and an act in substantial violation of the Eighth Amendment.

(Id. at 46).

He further states:

> One of plaintiffs many "602" Administrative Appeals (hear-after 602(s)), which was logged # CSP-S-01-02680, reflects that by the defendant/respondents Dr. Mcintyre and DR. Kurk's own admission plaintiff was seen on 11/05/01, and "one tooth was filled." What the response does not state is that the "filling", was a "temporary" rather than a permanent one, and that visually the treating dentist (Dr. Kurk) could see that the tooth next to the one "temporarily" treated was also in need of some type of immediate care given that it also had a large cavity that was trapping food in a "whole" in said tooth.

(Id. at 47).

These paragraphs are an exact duplicate of each other, as is a majority of the complaints filed in the two actions. It is clear that the two cases are identical, or at the very least arise out of the same transactional nucleus of facts, especially given that plaintiff cites the same administrative appeal in each of the two cases. The undersigned therefore finds the claims are the same. As the finality of judgment, plaintiff's prior case was dismissed with prejudice for failure to state a cognizable claim. (See Order, Doc. 40, Willaims v. CDCR, 2:06-cv-2903 ("Pursuant to the two previous dismissals in this matter, the Court finds that the SAC does not state a cognizable claim.")). As set forth above, a dismissal for failure to state a claim is a judgment on the merits. See Stewart, 297 F.3d at 957. Finally, as to privity between the parties, plaintiff names the three defendants in this case (McIntyre, Kurk and Wood) as defendants in the prior case. Therefore, not only is there privity between the parties, but the parties are identical in both actions.

6

The undersigned finds the claims raised in the prior cases are the same as those raised in this action, there is a final judgment on the merits, and the parties involved in both cases are the same. Therefore, the claims raised herein are barred by the doctrine of res judicata. Accordingly, the undersigned will recommend[1] the motion to dismiss be granted in full, and this case dismissed in its entirety.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss (Doc. 46) be granted, and this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] As the undersigned finds res judicata bars this action, and recommends the motion to dismiss be granted on those grounds, the issue of plaintiff's IFP status is not discussed herein. However, it would appear that defendants' argument that plaintiff has three or more strikes, thus not eligible to proceed IFP is persuasive. It appears that plaintiff has had three or more cases dismissed for failure to state a claim, and/or dismissed by the Ninth Circuit for failure to pay filing fees after IFP was denied or revoked.