1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11

12   In re WILLIAMS, J.S., et al.,    CIV. NO. 2:11-02526 WBS CMK

13              Plaintiff,            MEMORANDUM AND ORDER RE: MOTION
                                      FOR RECONSIDERATION PURSUANT TO
14        v.                          FEDERAL RULE OF CIVIL PROCEDURE
                                      60(b)
15   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
16   REHABILITATION, et al.,

17
                Defendants.
18

19                            ----oo0oo----

20        Plaintiff Jonathan Samuel Williams, a state prisoner

21   proceeding pro se, brought this civil rights action pursuant to

22   42 U.S.C. § 1983.  Presently before the court is plaintiff's

23   motion for reconsideration pursuant to Federal Rule of Civil

24   Procedure 60(b).

25   I.   Factual and Procedural Background

26        Plaintiff brought a § 1983 action against three

27   defendants--Drs. Kurk, McIntyre, and Wood--for violations of his

28   Eighth Amendment rights.  (Pl.'s Am. Compl. at 43 (Docket No.

                                    1

1    9).)  Plaintiff claimed that, over the last ten years, he

2    repeatedly requested dental care to alleviate pain and prevent

3    loss of teeth and the doctors at California State Prison, Solano,

4    refused to provide any treatment aside from extraction.  (Id. at

5    43-44, 48.)

6          On August 18, 2015, Magistrate Judge Kellison

7    recommended that defendants' motion to dismiss be granted and the

8    case dismissed with prejudice.  (Aug. 18, 2015 Findings &

9    Recommendations ("F&R") at 7 (Docket No. 58).)  After conducting

10   an independent review, this court found the magistrate judge's

11   F&R to be supported by the record.  (Docket No. 59 at 1.)  As a

12   result, the court adopted the F&R in full and dismissed the case

13   with prejudice.  (Id. at 1-2.)  Plaintiff now brings a "Petition

14   for Rehearing Pursuant to Federal Rule of Civil Procedure 60(b),"

15   which this court construes as a motion for reconsideration of its

16   September 11, 2015 Order pursuant to Federal Rule of Civil

17   Procedure 60(b)(6). [1]  (Pl.'s Mot. at 1, 4 (Docket No. 67).)

18   II.  Discussion

19         Rule 60(b) allows a party to seek relief from a final

20   judgment under a limited set of circumstances including fraud,

21   mistake, and newly discovered evidence.  See Fed. R. Civ. P.

22   60(b); Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d

23   1255, 1263 (9th Cir. 1993).  In addition, Rule 60(b) contains a

24   catch-all provision, which applies when there is "any other

25   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
           [1]   Though plaintiff does not specifically cite subsection
26   60(b)(6), he quotes language from the subsection: "Here, in this
     60(b) motion, petitioner asserts that the Federal Rules permit
27   'reopening when' [as here] the movant shows any . . . reason
     justifying relief from the operation of the judgment."  (Docket
28   No. 67 at 4 (emphasis added).)

1    reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

2            The Supreme Court has not particularized the factors

3    that justify relief under Rule 60(b)(6), but has noted that "it

4    provides courts with authority adequate to enable them to vacate

5    judgments whenever such action is appropriate to accomplish

6    justice, while also cautioning that it should only be applied in

7    extraordinary circumstances."  Liljeberg v. Health Servs.

8    Acquisition Corp., 486 U.S. 847, 864 (1988) (citation and

9    internal quotation marks omitted).  The Ninth Circuit has held

10   that Rule 60(b)(6) empowers the district court to vacate orders

11   in "extraordinary circumstances" where the movant is able to show

12   "both injury and circumstances beyond his control that prevent

13   him from proceeding with the prosecution or defense of the action

14   in a proper fashion."  Cmty. Dental Servs. V. Tani, 282 F.3d

15   1164, 1167 (9th Cir. 2002).

16           Plaintiff offers three reasons for why there are

17   "extraordinary circumstances" that warrant relief from final

18   judgment.  First, plaintiff argues that this court appointed

19   counsel to represent him pursuant to 28 U.S.C. § 1915, (Docket

20   No. 33), and the magistrate judge disregarded this court's Order

21   by appointing counsel only for the limited purpose of locating

22   and effecting service upon the defendants, (Docket No. 35).

23   Plaintiff is correct that the court intended to appoint

24   representation for the duration of the case and not simply for

25   the effectuation of service.  (Docket No. 33 ("[B]oth the

26   plaintiff and this court would benefit from the appointment of

27   counsel to help prosecute plaintiff's case . . . Counsel can help

28   by making requests for information on his behalf and more

1    efficiently securing responses.").)   However, in his Order

2    appointing counsel the magistrate judge stated that the court

3    would afford counsel the option of "proceeding as plaintiff's

4    appointed counsel for purposes of discovery, settlement and/or

5    trial" prior to termination of the appointment.  (Docket No. 35.)

6    Pursuant to this Order, appointed counsel asked plaintiff if he

7    was interested in continued representation after he completed the

8    task of serving defendants.  (Docket No. 52.)  Plaintiff did not

9    respond to this inquiry.  (Id.)  As a result, it was plaintiff's

10   own choice to proceed in propia persona and he cannot now claim

11   his lack of representation is grounds for relief from final

12   judgment.

13           Second, plaintiff argues that he was prevented from

14   filing a timely objection to the F&R because California

15   Department of Corrections and Rehabilitation ("CDCR") Officer

16   Gray conducted a search of his cell on September 9, 2015 and

17   seized or destroyed his objections.  (Pl.'s Mot. at 2.)

18   Plaintiff contends that his cell was searched in retaliation for

19   his legal activities against CDCR.  (Pl.'s Mot. for Extension of

20   Time ("EOT") at 2 (Docket No. 62).)  The search of his cell was

21   out of plaintiff's control and likely interfered with his ability

22   to file objections.

23           Nonetheless, even if the cell search prevented

24   plaintiff from filing objections, plaintiff was not injured by

25   this circumstance--as is required under Rule 60(b)(6).

26   Irrespective of any possible objections, this court was required

27   to dismiss plaintiff's Complaint under the doctrine of res

28   judicata, or claim preclusion.  "Under the doctrine of claim

1   preclusion, a final judgment forecloses successive litigation of

2   the very same claim." Taylor v. Sturgell, 553 U.S. 880, 892

3   (2008) (citation and internal quotation marks omitted).  A party

4   cannot contest matters that it has already had a full and fair

5   opportunity to litigate.  Id.  The elements of claim preclusion

6   are: "(1) an identity of claims, (2) a final judgment on the

7   merits, and (3) privity between parties." Headwaters Inc. v.

8   Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005) (citation

9   omitted).  In determining whether a present dispute concerns the

10  same claims as prior litigation, the Ninth Circuit puts the most

11  weight on "whether the two suits arise out of the same

12  transactional nucleus of facts." Id.

13          In the prior case of Williams v. CDCR, Civ. No. 2:06-

14  2903 DOC (E.D. Cal.), Judge Carter dismissed plaintiff's

15  Complaint with prejudice on June 26, 2009 for failure to state a

16  cognizable claim--thus issuing a final judgment. (Docket No.

17  40.)  There is privity between the parties in the prior case and

18  the present one as both were brought against Drs. Kurk, McIntyre,

19  and Wood.  Lastly, the suits arose out of the same nucleus of

20  facts as the earlier case contained a medical treatment claim

21  that was nearly identical to the claim at issue here.[2]  In both

22  cases plaintiff alleged he was denied prompt and adequate dental

23  treatment and was forced to choose between the extraction of

24  teeth or remaining in pain, in violation of the Eight Amendment.

25  While the present case elaborates the claim in slightly more

26  _____

27          [2]     In the current action, plaintiff's Eighth Amendment
    medical claim regarding dental treatment was the only claim found
    viable by the Northern District and transferred to this court.

28  (Docket No. 10.)

                                    5

1  detail, for example alleging that defendants not only violated

2  prisoners' constitutional rights but also the American and

3  California Dental Association Standards and Tilton Dental Consent

4  Decree, the underlying nucleus of facts that forms the basis for

5  the claim is identical. (Docket No. 9 at 45.) Given that all of

6  the elements of claim preclusion were met, the court was required

7  to dismiss plaintiff's Complaint in this case.

8          Lastly, plaintiff argues that the final judgment should

9  be set aside because of the allegedly improper conduct of the

10 magistrate judge. (Docket No. 33 at 10.) Plaintiff contends he

11 "never consented to the participation of the magistrate in this

12 litigation" and that his motions "went unanswered by the Article

13 III District Judge and [were] instead intercepted by the

14 magistrate." (Id.) Under Federal Rule of Civil Procedure 72 and

15 Eastern District Local Rule 304, a magistrate judge may conduct

16 proceedings for dispositive motions and prisoner petitions

17 challenging the conditions of confinement "without the parties'

18 consent" and submit his or her proposed findings of fact and

19 recommendations to the assigned judge. Fed. R. Civ. P. 72(b)(1);

20 28 U.S.C. § 636(b)(1)(B)-(C). The magistrate judge must provide

21 the parties fourteen days to object to the proposed findings and

22 recommendations and the Article III "district judge must

23 determine de novo any part of the magistrate judge's disposition

24 that has been properly objected to." Id. R. 72(b)(3). The judge

25 "may accept, reject, or modify the recommended disposition;

26 receive further evidence; or return the matter to the magistrate

27 judge with instructions." Id. Throughout the present case, this

28 court carefully reviewed the findings and recommendations of the

1   magistrate judge and came to its own independent conclusions

2   about whether to accept, reject, or modify them.  The magistrate

3   judge did not "usurp Article III jurisdiction," as plaintiff

4   alleges, but rather acted in compliance with the federal rules.

5   (Docket No. 67 at 10.)

6           For all of the above reasons, the court finds that the

7   plaintiff has not established "extraordinary circumstances" that

8   warrant relief from final judgment under Rule 60(b)(6).  It is

9   THEREFORE ORDERED that plaintiff's motion for reconsideration be,

10  and the same hereby is, DENIED.

11  Dated:  October 30, 2015

12

13  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7